NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

v.

RANDY LEVON GREEN, *Appellant.*

No. 1 CA-CR 19-0387
FILED 7-7-2020

---

Appeal from the Superior Court in Maricopa County
No.  CR2018-150691-001
The Honorable Julie Ann Mata, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Margaret M. Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Acting Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Kent E. Cattani[1] and Judge Michael J. Brown[2] joined.

---

**M O R S E**, Judge:

¶1        Randy Levon Green appeals his convictions and sentences for one count of unlawful imprisonment.  After searching the entire record, Green's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Green was given an opportunity to file a supplemental brief *in propria persona*, but has not done so.  Finding no reversible error, we affirm.

### FACTS[3] AND PROCEDURAL BACKGROUND

¶2        Green and the victim lived together and were in a long-term relationship.  In October 2018, the victim could not leave their shared apartment because Green had the only key to unlock the door.  When Green returned home, he demanded the victim's debit card before he would allow her to leave.  She declined, and Green refused to unlock the door.  While Green was in the bathroom, the victim texted police who arrived and broke down the door to the apartment.

---

[1]        Judge Kent E. Cattani replaces the Honorable Diane M. Johnsen, who was originally assigned to this panel.  Judge Kent E. Cattani has read the briefs and reviewed the record.

[2]        Judge Michael J. Brown replaces the Honorable Kenton D. Jones, who was originally assigned to this panel.  Judge Michael J. Brown has read the briefs and reviewed the record.

[3]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia,* 186 Ariz. 493, 495 (App. 1996) (citation omitted).

**¶3**        Green was charged with one count of unlawful imprisonment. *See* A.R.S. § 13-1303(A). He waived his right to a jury trial in exchange for the state reducing the charge to a misdemeanor.[4] *See* A.R.S. § 13-3983; Ariz. R. Crim. P. 18.1(b). The court held a two-day bench trial at which the State presented five witnesses. After the close of the state's case, Green moved for a judgment of acquittal. The court found substantial evidence to warrant a conviction and denied the motion. The court convicted Green as charged and found that the offense was a domestic violence offense.

**¶4**        The trial court conducted the sentencing hearing in compliance with Green's constitutional rights and Arizona Rule of Criminal Procedure 26. The court considered the emotional and financial harm to the victim as an aggravating circumstance and Green's lack of felony criminal history as a mitigating circumstance. The court sentenced Green to six months jail, with ninety-five days of presentence incarceration credit. The court ordered Green to pay $35 in fees.

**¶5**        Green timely appealed. This Court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

**¶6**        We review Green's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). After a diligent search of the entire record, counsel for Green advised this Court that she has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 299-300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and the record reveals that counsel represented Green at all stages of the proceedings. There was sufficient evidence from which the court could determine, beyond a reasonable doubt, that Green is guilty of the charged offense. At sentencing, the court received a criminal history report, Green was given an opportunity to speak, and the court stated on the record the evidence and factors it considered in imposing the sentences. *See* Ariz. R.

---

[4]        Misdemeanor unlawful imprisonment is a jury-eligible offense. *Kaniowsky v. Pima Cty. Consol. Justice Court*, 239 Ariz. 326, 331, ¶ 21 (App. 2016); *cf. Derendal v. Griffith*, 209 Ariz. 416, 422, ¶¶ 21-22 (2005) (adopting rebuttable presumption against jury trial for misdemeanors for which the maximum penalty is less than six months incarceration).

Crim. P. 26.9, 26.10.  The sentence imposed was within the statutory limits. *See* A.R.S. §§ 13-707, -802, -3601.  We affirm Green's conviction and sentence.

**¶7**           Upon the filing of this decision, defense counsel shall inform Green of the status of the appeal and of his future options.  Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Green shall have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶8**           For the foregoing reasons, we affirm Green's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:    AA